**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **PATENT GROUP, LLC,** | |
| **Relator,** | |
| **v.** | **Civil Action No. 6:10-cv-00166-LED** |
| **ROLLER DERBY SKATE CORP.,** | |
| **Defendant.** | |

**ROLLER DERBY SKATE CORP.'S MOTION TO DISMISS RELATOR'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND
MEMORANDUM IN SUPPORT THEREOF**

Defendant Roller Derby Skate Corp. ("Roller Derby"), by and through its undersigned

counsel, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure

(hereinafter, individually, "Rule _"), moves this Court to dismiss all claims asserted by plaintiff

relator Patent Group LLC ("Relator") in its *Qui Tam* Complaint for False Marking

("Complaint") because (a) Relator has not established standing to assert any purported violation

of the False Marking Statute, and, therefore, this Court does not have subject matter jurisdiction;

and (b) Relator fails to state a claim upon which relief can be granted, as it has failed to plead

facts sufficient to allege the required element of false marking for the "purposes of deceiving the

public"

In the alternative, should the Court conclude that it cannot yet dismiss Relator's

Complaint for lack of jurisdiction, the Court should stay this action pending the Federal Circuit's

decision in *Stauffer v. Brooks Brothers*, which will be a potentially case dispositive decision as it

will address the standards for standing with regard to false marking *qui tam* relators such as

Patent Group, LLC.

## I.    INTRODUCTION

Title 35 of the United States Code § 292 imposes civil penalties for purposefully deceitful

acts of marking õunpatentedö articles with U.S. patent numbers.  Specifically, the relevant

portions of the statute state:

> (a) í   Whoever marks upon, or affixes to, or uses in advertising in
> connection with any unpatented article, the word õpatentö or any word or
> number importing that the same is patented, for the purposes of deceiving
> the public;
>
> í   shall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go
> to the person suing and the other to the use of the United States.

35 U.S.C. § 292.  This statute and its predecessor have been in existence for over 100 years.

Cases brought under the statute were relatively infrequent until a recent line of cases

issued by the Federal Circuit, including the December 28, 2009 decision in *The Forest Group,*

*Inc. v. Bon Tool Co.*, 590 F. 3d 1295 (Fed. Circ. 2009).  Prior to the *Bon Tool* decision, most

courts and commentators construed the statuteøs use of the term õoffenseö to apply to the

decision to mark unpatented articles with a patent number.  *Id.* at 1301-02 (discussing history of

district court decisions that followed the holding in a 1910 case, *London v. Everett H. Dunbar*

*Corp.*, 179 F. 506 (1st Cir. 1910), which held that the predecessor to § 292 should be interpreted

to impose a single fine for continuous false marking).  The Federal Circuit disagreed, and held

that the statute õrequires courts to impose penalties for false marking on a per article basis,ö a

conclusion that it reiterated in its subsequent decision in *Pequignot v. Solo Cup Co.*, ___ F. 3d

___, Case No. 2009-1547 (Fed. Cir. June 10, 2010 at p. 17).  *Bon Tool*, 590 F. 3d at 1304.  Since

the *Bon Tool* decision, over 200 cases have been filed in district courts across the country by *qui*

*tam* plaintiff relators seeking to recover fines for violations of § 292 (a).  *See e.g.*,

http://www.grayonclaims.com/false-marking-case-information, Justin Gray, *False Marking Information* (tracking false marking cases filed in district courts across the United States).

Following that trend, Relator filed its Complaint against Roller Derby on April 20, 2010. In the Complaint, Relator alleges that Roller Derby violated § 292, and points to a single specific product that Roller Derby allegedly "marks and advertises," the Cobra Speed Skate Model No. U341A, with U.S. Patent No. 4,398,735 (the "'735 Patent"). Relator alleges that the '735 Patent expired on September 21, 2001, and that Roller Derby knew or should have known that the '735 Patent expired. Relator then alleges that Roller Derby could have no reasonable belief that it was proper to mark and advertise products with the '735 Patent. Finally, Relator alleges that continued marking and advertising of the '735 Patent by Roller Derby was done with an intent to deceive the public. In short, with *no* substantive facts underlying its allegations, Relator attempts to turn allegations regarding a single named product line allegedly bearing the number of an allegedly expired patent into inferences of improper intent under the False Marking Statute. As detailed below, these allegations are supported for the most part only with the qualified statement, "[u]pon information and belief."

The Complaint is fatally deficient and should be dismissed for each of the following reasons:

- **Pursuant to Rule 12(b)(1)**, because it fails to allege – and indeed could not allege – that anyone, anywhere has suffered a cognizable injury-in-fact that would make Relator's claims justiciable under Article III of the Constitution.

- **Pursuant to Rule 12(b)(6)**, because Relator's false marking allegations are based solely "upon information and belief" that Roller Derby allegedly knew that the '735 Patent was expired, and allegedly continued marking products with the '735 Patent thereafter. Under the bar set by Rule 9(b), and under even the more liberal pleading requirements of Rule 8 as described in *Iqbal* and *Twombly*, these conclusory and utterly speculative allegations, alone, are insufficient to state a claim that Roller Derby marked its products "for the purposes of deceiving the public" – a required element pursuant to § 292.

In the alternative, the Court should stay this case pending the anticipated Federal Circuit decision in *Stauffer v. Brooks Brothers*, because the exact same standing issue regarding the subject matter jurisdiction of a federal court over a *qui tam* plaintiff relator's claims that is being raised in this motion is currently under consideration on the appeal of that case.  Because the Federal Circuit's decision in that case could potentially be case-dispositive of the instant case, because this decision is anticipated before the end of the year, and because the parties would not be prejudiced by the requested stay, Roller Derby respectfully suggests that such a stay would be appropriate in the event that this Court concludes that it cannot yet dismiss this case.

## II.     STATEMENT OF ISSUES

**A.**     Must Relator's Complaint be dismissed because it has failed to establish standing as required by Article III of the United States Constitution, thus depriving this Court of jurisdiction?

**B.**     Must Relator's Complaint be dismissed because it has failed to plead sufficient facts to support all essential elements of false marking (35 U.S.C. § 292), the sole claim in the Complaint?

**C.**     In the alternative, if the Court denies Roller Derby's motion to dismiss on the basis of standing, should the Court stay these proceedings pending a potentially dispositive Federal Circuit decision in *Stauffer v. Brooks Brothers*, which will address the issue of standing in false marking claims?

## III.    ARGUMENT

### A.     The Court Should Dismiss Relator's Complaint Under Rule 12(b)(1) For Lack of Subject Matter Jurisdiction.

Relator— like any plaintiff in any civil case, *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

561 (1992), or any relator in any *qui tam* action, *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000)— must satisfy the injury-in-fact requirement of Article III. Conspicuously absent from its Complaint, however, is any allegation that anyone, anywhere has suffered a cognizable injury-in-fact that would make Relator's claims justiciable under Article III. The Court must therefore dismiss the Complaint because Relator does not (and cannot) allege facts that would support his Article III standing.

### 1.     A *Qui Tam* Relator Must Demonstrate Injury-in-Fact.

Relator, as the plaintiff, bears the burden "to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). All plaintiffs— *qui tam* relators included— must have Article III standing. *Vermont Agency*, 529 U.S. at 771. To satisfy Article III standing, Relator has the burden to establish: (1) injury-in-fact; (2) causal connection to the defendant; and (3) redressability by the court. *Vermont Agency*, 529 U.S. at 771. "These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement, and a key factor in dividing the power of government between the courts and the two political branches." *Id.* (internal citations omitted). And if a plaintiff lacks this constitutional minimum, the court lacks subject matter jurisdiction and must dismiss under Rule 12(b)(1). *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) ("we must decide standing first, because it determines the court's fundamental power even to hear the suit"); 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1350 (3d ed. 2004).

The first requirement, injury-in-fact, must be "concrete and actual or imminent" and cannot be "conjectural or hypothetical." *Vermont Agency*, 529 U.S. at 771.[1] Injury-in-fact is the "hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009). Thus, if Relator failed to present sufficient facts in the Complaint to establish an injury-in-fact, the Complaint must be dismissed. *Lujan,* 504 U.S. at 561; *Warth*, 422 U.S. at 518.

The fact that 35 U.S.C. § 292(b) is a *qui tam* statute does not relieve Relator of this obligation. *See Vermont Agency*, 529 U.S. at 771. To be sure, *qui tam* relators, who by definition suffer no *personal* "injury-in-fact," must nonetheless allege an *assignable* injury-in-fact to support Article III standing. *Id.* at 773-74. Absent such an assignable injury-in-fact to the United States in the first instance, there is no *qui tam* Article III standing, and the Complaint must be dismissed. *See Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009).

### 2.    Relator's Complaint Does Not Plead an Assignable Injury-in-Fact.

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1), Relator must plead an assignable injury-in-fact that has been suffered by the public or the United States based on a violation of 35 U.S.C. § 292. *See Stauffer*, 615 F. Supp. 2d at 254. Here, Relator has pled, at best, a conjectural injury. The Complaint includes *no* concrete or particularized injury suffered by the United States or the public based on Roller Derby's alleged false marking. In fact, the

---

[1] *See also Lujan*, 504 U.S. at 560 ("the plaintiff must have suffered an injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical") (citations and quotations omitted); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ("That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely [a]bstract and the alleged harm must be actual or imminent, not conjectural or hypothetical.") (citation and quotation omitted).

*only* allegations of harm set forth in the Complaint consist of vague references to competitive

harm, all of which are based "upon information and belief":

- "Upon information and belief, Defendant could have no reasonable belief that the products identified in U.S. Patent No. 4,398,735 – Expired Patent were properly marked, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition." Complaint, ¶ 5.

- "Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant." *Id.*, ¶ 23.

- "Upon information and belief, Defendant could have no reasonable belief that it was proper to mark and advertise products with the expired '735 patent number, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition." *Id.*, ¶ 24.

- "Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement." *Id.*, ¶ 25.

As a preliminary matter, each and every one of these allegations is made without any reference

to a single specific fact indicating – or even from which one could infer – an actual instance in

which Roller Derby's alleged false marking caused a "competitive harm."  Even if the alleged

"competitive harm" could constitute an assignable harm sufficient to establish standing (which it

could not), the Complaint fails to even allege facts sufficient to support the inference of actual

"competitive harm," and should be dismissed on this basis alone.  *See Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) (plaintiffs must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged").

The Southern District of New York recently dismissed a *qui tam* relator's complaint

under 35 U.S.C. § 292 under similar circumstances in which the a relator pled only vague and

generalized allegations of competitive harm.  In *Stauffer v. Brooks Brothers, Inc.*, the relator pled that defendant's conduct "ha[d] wrongfully quelled competition with respect to [the marked products] thereby causing harm to the economy of the United States[]" and that defendant "wrongfully and illegally advertis[ed] patent monopolies that they d[id] not possess" and "ha[d] benefitted [sic] in at least maintaining their considerable market share . . . ." 615 F. Supp. 2d at 252.  The court held that these conclusory statements – which were "insufficient to establish anything more than the sort of ÷conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id.* at 255 (quoting *Summers*, 129 S. Ct. at 1151-52; *Lujan*, 504 U.S. at 566).  The district court concluded, "[t]hat some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendants' conduct, is purely speculative and plainly insufficient to support standing." *Id.*[2]

Here, Relator's allegations of injury-in-fact are just as insufficient.  Nothing in the Complaint establishes that what the competitive harm is, or how it is caused by Roller Derby's alleged false marking.  The Complaint doesn't even allege a market in which the Roller Derby product at issue is competing.  It doesn't even name a competitor.  These non-specific allegations are anything but "concrete, actual, or imminent," as mandated by the Supreme Court.  The rationale of the court in *Stauffer* thus dictates dismissal under Rule 12(b)(1): Relator's pleadings, like the relator in *Stauffer*, consist of nothing more than speculative and conclusory allegations.  Such speculation does not pass the constitutional hurdle for standing.

---

[2] The decision in *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va.  2009), is not to the contrary.  In *Solo Cup*, the defendant alleged that 35 U.S.C. § 292(b) lacks sufficient procedural safeguards, and on that ground, it violated *Article II*.  *See id.* at 720-28.  By this motion, Defendants are not raising an Article II challenge to the statute.  Rather, Roller Derby points out that Relator, like any relator in any *qui tam* action, *Vermont Agency*, 529 U.S. at 771, must satisfy the injury-in-fact requirement of *Article III*.

### 3. The Court Should Dismiss Relator's Amended Complaint Without Leave to Amend Because Relator Cannot Plead an Injury-in-Fact.

If it is clear that a party cannot file an amended complaint to cure jurisdictional deficiencies, a court may dismiss the complaint without leave to amend. 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1350 (3d ed. 2004); *see also* Fed. R. Civ. P. 15(a)(2). Dismissal without leave to amend is warranted here for at least two reasons.

*First*, Relator cannot identify any concrete and particularized harm to itself, the public, or the United States economy that would support Article III standing. The only references to any kind of injury at all in Relator's pleading are the vague and passing references to "competitive harm" described above. *See* Compl. ¶¶ 5, 23-25. These references are not only fatally abstract and speculative themselves; they are also incapable of revision to more precise statements of harm.

This is so because here more concrete statements would defy reality. Relator has accused Roller Derby of falsely marking patents on the Cobra Speed Skate, Model No. U341A. *See* Compl. ¶ 12. Other participants in the relevant market for skating products are just as "sophisticated" a company, and are just as likely to have "experience in applying for, obtaining, maintaining and litigating patents in the United States" as Relator alleges that Roller Derby is. Thus, there is no real possibility that these companies would ever be deceived or harmed by the patent numbers marked on Roller Derby's Cobra Skates or advertising related thereto. And, of course, Relator alleges no such specific deception or harm. Further, there is no chance that any member of the public could be deceived and, therefore, harmed by expired patent numbers marked on the packages because the salient information about patents is readily available to everyone. And, again, Relator alleges no such specific harm.

*Second*, Relator cannot evade the basic injury-in-fact requirement of Article III by claiming it has standing to sue for alleged violations of the law wholly divorced from any concrete and particularized injury-in-fact.  In the absence of any such particularized injury-in-fact, the only possible interest that Relator could be enforcing is the violation of the false marking statute itself.  Indeed, Relator seems to be alleging just that in the last paragraph of the Complaint, in which it states that Roller Derby ō continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with its enforcement.ö  Complaint, ¶ 25.

However, relevant cases indicate that to confer Article III standing, a private party *cannot* rely solely on an abstract interest in seeing that the laws are not violated.  *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (ōThe only injury plaintiffs allege is that the law . . . has not been followed.  This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the pastö); *Federal Election Comm'n v. Akins*, 524 U.S. 11, 24 (1998) (An ōabstractö harm such as ōinjury to the interest in seeing that the law is obeyed . . . deprives the case of the concrete specificityö necessary for standing.); *Lujan*, 504 U.S. at 573-74 (ō[H]arm to . . .  every citizenøs interest in proper application of the Constitution and laws . . .  does not state an Article III case or controversy.ö); *Sierra Club v. Glickman*, 156 F.3d 606, 613 (5th Cir. 1998) (ōInstead, the plaintiff must show an injury that is both concrete and particular, as opposed to an undifferentiated interest in the proper application of the law.ö).  In the same vein, Relator cannot rely solely on an interest in privately exercising the governmentøs duty to ensure the laws are faithfully obeyed to confer Article III standing.  *See Stauffer*, 615 F. Supp. 2d at 254 n.5 (ō[T]he Court doubts that the Governmentøs interest in seeing its laws enforced could alone be an assignable, concrete injury-in-fact sufficient

to establish a *qui tam* plaintiff's standing.") (citation omitted); *see also* Myriam E. Gilles,

*Representational Standing: U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Cal.

L. Rev. 315, 344 (2001) ("[C]laims seeking to vindicate the government's non-proprietary,

sovereign interests are not assignable").

The Supreme Court explained this principle when it addressed a "citizen-suit" provision

of the Endangered Species Act, 16 U.S.C. § 1540(g) ("ESA"), which provided that "any person

may commence a civil suit on his own behalf . . . to enjoin any person . . . who is alleged to be in

violation of any provision of this chapter." *Lujan*, 504 U.S. at 571-72.  In holding that the

plaintiff lacked Article III standing, the Court found that Article III does not permit conversion

of :

> the public interest in proper administration of the laws . . . into an
> individual right by a statute that denominates it as such, and that
> permits all citizens . . . to sue.  If the concrete injury requirement
> has the separation-of-powers significance we have always said, the
> answer must be obvious: To permit Congress to convert the
> undifferentiated public interest in executive officers' compliance
> with the law into an "individual right" vindicable in the courts is to
> permit Congress to transfer from the President to the courts the
> Chief Executive's most important constitutional duty, to "take
> Care that the Laws be faithfully executed," Art.  II, § 3.

*Id.* at 576-77; *see also Allen v.  Wright*, 468 U.S.  737, 761 (1984) ("The Constitution . . . assigns

to the Executive Branch, and not to the Judicial Branch, the duty to 'take Care that the Laws be

faithfully executed.'" U.S.  Const., Art.  II, § 3.  We could not recognize respondents' standing in

this case without running afoul of that structural principle."); *Valley Forge Christian College v.*

*Ams.  United for Separation of Church and State*, 454 U.S. 464, 471-76 (1982) (explaining that

Article III's "case or controversy" requirement circumscribes Judicial Branch powers under

separation of powers doctrine); *see generally* Tara Leigh Grove, *Standing as an Article II*

*Nondelegation Doctrine*, 11 U. Pa. J. Const. L. 781 (2009) (explaining that Article III reinforces

Article II nondelegation doctrine by prohibiting private prosecutorial discretion for violations of law, except for those private parties who can show a cognizable injury-in-fact).

In sum, Relator does not, and cannot, allege that anyone specifically has been injured by Roller Derby's alleged false marking.  Further, Relator cannot create Article III standing based solely on an alleged violation of the law or because it can privately exercise the government's duty to see that the laws are faithfully obeyed— such allegations fail as a matter of law in view of the ample Supreme Court jurisprudence discussed herein.

> **4.     In the Alternative, the Court Should Stay the Case Pending the Federal Circuit's Decision in *Stauffer v. Brooks Brothers, Inc.***

In the alternative, if the Court does not grant Roller Derby's motion to dismiss on the basis of standing, consistent with other district courts, this Court should stay this action pending the Federal Circuit's decision in *Stauffer v. Brooks Brothers, Inc.*, Appeal Nos. 2009-1428, 2009-1430, 2009-1453.  *See Public Patent Found, Inc. v. Glaxosmithkline Consumer Healthcare, LP.*, No. 09 Civ. 5881, slip op. (S.D.N.Y. Feb. 17, 2010) (*sua sponte* staying false marking case with pending motions to dismiss for lack of Article III standing "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in *Stauffer v. Brooks Bros. Inc.*, which raises the same legal question that is currently pending here") (attached Ex. A); *San Francisco Tech. Inc. v. Adobe Systems Inc.*, No. C09 06083, slip op. (N.D. Cal. Apr. 13, 2010) (staying case pending *Stauffer* decision) (attached as Ex. B); *Hungerpiller v. Energizer Holdings, Inc.*, No. 2:10-cv-290, slip op. (N.D. Alabama June 9, 2010) (attached Ex. C).[3]  "It is well established that a ‗District Court has broad discretion to stay proceedings as incident to its power to control its own docket.'"  *Citgo Petroleum Corp. v. M/T Bow Fighter*, No. 95-1853,

---

[3] At the time of the filing of this Motion, at least sixteen cases involving false marking claims have been stayed pending the issuance of the Federal Circuit's opinion in *Stauffer*, in courts across the country, including the Southern District of Texas, Eastern District of Pennsylvania, and Northern District of Illinois.  Only representative samples have been specifically cited herein.

2009 WL 960080, at *6 (S.D. Tex. 2009) (quoting *Clinton v. Jones,* 520 U.S. 681, 706 (1997)).

To be sure, a court may stay proceedings as part of its inherent power öto control the disposition

of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants.ö *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  Here, these considerations weigh

in favor of staying this litigation.

Indeed, the Federal Circuitøs ruling in *Stauffer* will bear directly on this Courtøs

consideration of this motion to dismiss on the basis of standing.  Having the benefit of the

Federal Circuitøs analysis of the standing issue will simplify the questions of law raised by the

motions to dismiss, thus counseling the Court to stay this case for a short period of time until the

Federal Circuit provides guidance on the standing issue.  This will prevent waste of the Courtøs

and the partiesø resources caused by briefing, arguing, and deciding the motions to dismiss

(without the benefit of the Federal Circuitøs guidance), as well as conducting discovery,

resolving discovery disputes, and the like.

Briefing in *Stauffer* is almost complete, and a hearing could be scheduled as early as

August.  Accordingly, the Court will likely issue a decision before the end of the year, and any

stay entered in this case will be for a finite and determinate length.

Further, Relator seeks only monetary penalties for the alleged false marking, half of

which it must share with the United States.  *See* 35 U.S.C. § 292(b).  In light of this, Relator can

point to no prejudice that it might suffer if the Court were to stay this case for a short period of

time, except, perhaps, a delay in when it might receive its half of any penalties ultimately

rewarded.  Even if such a delay could be considered a hardship or prejudicial to Relator (which it

cannot), any such prejudice is far outweighed by the interests of justice and judicial economy

promoted by staying the case.  *See Catch Curve, Inc. v. Graphnet, Inc.*, Civil Action No. 1:06-

CV-2386, slip op., (N.D. Ga. Feb. 18, 2009) (granting stay of case pending Federal Circuit ruling in another case, where briefing in the appeal was imminent so that stay would be short, and that any prejudice caused by the short delay was outweighed by the benefits of receiving the Federal Circuit's opinion).

Accordingly, should the Court not dismiss this action for lack of standing, Roller Derby respectfully requests that this Court to stay the case in its entirety until the *Stauffer* decision issues.

**B.      Relator Failed to Adequately Plead a Claim for False Marking.**

Claims made under the false marking statute have been determined to be fraud-based and subject to the particularized pleading requirements of Rule 9(b).  The Complaint, however, is anything but particular.  At bottom, the threadbare allegations (if taken as true) establish only (1) Roller Derby "marks and advertises" a single product – the Cobra Speed Skate, Model No. U341A – with an expired patent and (2) that Roller Derby knew or reasonably should have known that the patent was expired.  Complaint ¶¶ 11-22.  Only one allegation actually alleges – again, "upon information and belief" – that "the false marking was done with intent to deceive the public'" – Complaint, ¶¶ 5, 24.  Not one specific fact is provided to support the allegations that Roller Derby engaged in false marking "for the purposes of deceiving the public."  Thus, the Complaint fails to set forth adequate factual material under even the lower pleading requirements of Rule 8, let alone Rule 9's more stringent standards.

**1.      Relator Fails to Plead the Alleged Fraudulent Intent with Sufficient Particularity Pursuant to Rule 9(b).**

As "a fraud-based claim," claims made under 35 U.S.C. § 292 are subject to the pleading requirements of Rule 9(b).  *See Juniper Networks v. Shipley*, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009); *United States ex rel. Scharmer v.  Carrollton Mfg.*

*Co.*, 377 F. Supp. 218, 221 (N.D. Ohio 1974) (summarizing false marking claim as a "contention . . . [of] a conscious fraud").[4]  *But see Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-464, 2008 WL 1734833 (E.D. Tex. Apr. 11, 2008) (noting a lack of authority for application of Rule 9(b) to false marking suits).

Rule 9(b) is unequivocal.  It makes no exceptions for affirmative defenses or particular types of fraud: "in *all* averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b) (emphasis added).  Dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  It is strictly interpreted by the Fifth Circuit, *Flaherty v. Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 206-07 (5th Cir. 2009), and a plaintiff alleging fraud must set forth specific facts underlying the allegations— generalized and conclusory allegations are simply insufficient.  *Tuchman v. DSC Comm'cns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (citation omitted).  Rather, at the very least, a plaintiff must state the particulars of time, place, contents or substance of the false misrepresentations, and the benefit obtained by the fraud.  *Id.* at 1067-68 (citation omitted); *In re Enron Corp. Secs., Derivative & "ERISA" Litigation*, 540 F. Supp. 2d 800, 804 (S.D. Tex. 2007) ("In every case based upon fraud, Rule 9(b) requires the plaintiff to allege as to each individual

---

[4] In this regard, false marking allegations are similar to claims of inequitable conduct in the patent infringement context, for which Rule 9's standards also apply.  *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3161386, at *1 (E.D. Tex. Sept. 30, 2009) ("The court is persuaded that Rule 9(b)'s pleading requirements apply to pleas of inequitable conduct"); *Samsung Elecs. Co., Ltd. v. Tex. Instrus. Inc.*, No. 3:96-CV-0001-P, 1996 WL 343330, at *3 (N.D. Tex. Apr. 18, 1996) ("[A]llegations of inequitable conduct should be subject to the pleading requirements of Rule 9(b)").

defendant –the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants.‖ (quoting *Hernandez v. Ciba-Geigy Corp. USA,* 200 F.R.D. 285, 291 (S.D. Tex. 2001)).

Relator‗s generalized allegations of Roller Derby‗s ―purposeful‖ intent to deceive the public, with absolutely no supporting facts, simply fail to pass muster under Rule 9(b).  *See Tuchman*, 14 F.3d at 1067 (―a simple allegation that a defendant had fraudulent intent‖ will not suffice, and, instead, scienter must be plead with specific facts that support an inference of fraud); *Juniper Networks*, 2009 WL 1381873, at *4 (conclusory allegations that defendant ―knew‖ marked product was not covered by patent were insufficient under Rule 9(b)).  Like the relator in *Juniper Networks*, the Complaint consists of nothing more than conclusory statements, made with absolutely <u>*no factual support*</u>.  Therefore, Relator‗s allegations are insufficient under Rule 9, and Roller Derby respectfully requests that this Court dismiss the Complaint in its entirety.

**2.     The Complaint Cannot Survive Even the Less Stringent Pleading Standards of Rule 8.**

Even under Rule 8(a)‗s more liberal pleading requirements, however, the Complaint still fails.  A complaint ―requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.‖ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also McClure v. Biesenbach*, No. 08-50854, 2009 WL 4666485, at *3 (5th Cir. Dec. 9, 2009); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (―conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss‖).  To survive a motion to dismiss, allegations must be sufficient to ―raise a right to relief above the speculative level.‖ *Twombly*, 550 U.S. at 555; *see also Malik v. Cont'l Airlines Inc.*, 305 Fed. App‗x. 165, 167 (5th Cir. 2008).

It is not enough that the complaint states a *possibility* of a right to relief; rather, it is necessary for the complaint "to state a claim to relief that is plausible on its face." *Rhodes v. Prince*, No. 08-10794, 2010 WL 114203, at *2 (5th Cir. Jan. 12, 2010)  (internal quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  And "[i]f the plaintiff fails to allege facts sufficient to 'nudge[ ] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" *Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisor for La. Sys.*, 286 Fed. App'x, 864, 868 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

In a recent decision in the U.S.  District Court for the District of Delaware, Judge Farnan dismissed similarly threadbare pleadings of intent as insufficient to meet the default pleading standards of Rule 8(a), *Iqbal*, and *Twombly*.  *See Brinkmeier v. Graco Children's Prods.  Inc.*, 684 F.  Supp.  2d 548, 553 (D. Del. 2010)  Like Relator does here, the plaintiff in *Brinkmeier* sought to hinge allegations of deceptive intent on nothing more than the appearance of the numbers of expired patents on products in the stream of commerce.  *See id.* at 553-554.  More specifically, the *Brinkmeier* relator alleged:

- that defendant had an Intellectual Property Manager responsible for patent markings;

- that because certain patents had expired, defendant "cannot have any reasonable belief that such products are protected by such patents;"

- that defendant "knows, or should know" that the products have been falsely marked; and

- that "[u]pon information and belief, [defendant] marked products . . .  with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired parent[s]." *Id.*

The court rejected these conclusory pleadings under the Rule 8(a) standards, stating that "[t]hese allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Twombly*." *Id.*

Relator's claims here closely mimic those deemed insufficient by the court in *Brinkmeier* court.  Relator has alleged:

- That Roller Derby is "a sophisticated company and has many decades of experience applying for, obtaining, maintaining and litigating patents in the United States and throughout the world.  Complaint, ¶ 16.

- That the '735 Patent expired, and that, "upon information and belief," Roller Derby knew or should have known that the '735 Patent expired at the same time that Roller Derby "was marking and advertising" products with the '735 Patent.  Complaint, ¶¶ 14-20.

- That, "upon information and belief," Roller Derby "could have no reasonable belief that it was proper to mark and advertise products with the expired '735 Patent number, and the false marking was done with the intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition."  Complaint, ¶ 24.

Just as the Court in *Brinkmeier* determined that such claims fail to pass Rule 8 muster, so too should this Court rule that Relator's has failed to state a claim.

Importantly, the *Brinkmeier* court also established what *does* constitute a well-pled false marking claim under Rule 8 insofar as it allowed one of the relator's claims in that case to proceed.  In the allowed claim, the relator alleged that: (1) defendant had been sued by two competitors for infringing the marked patent; and (2) defendant revised its patent markings at least three times since the marked patent had expired in June 2007.  *Id*.  This aspect of the court's decision draws into even greater relief the deficiencies of Relator's Complaint, as *nothing* approaching this level of specificity is found in the Complaint.  Indeed, out of the 25 paragraphs in Relator's Complaint, a full 10 of them are based on nothing more than "information and belief."  Just as in *Brinkmeier* and *Twombly*, the Complaint amounts to little more than "mere

labels and conclusions,ö and should be dismissed for failure to meet Rule 8 pleading requirements.

IV.     **CONCLUSION**

For the foregoing reasons, Roller Derby respectfully request the Court dismiss Relator's

Complaint with prejudice.  In the alternative, Roller Derby respectfully requests that the Court

stay this case pending the Federal Circuit's opinions in *Stauffer*.

Dated:  June 16, 2010                                    Respectfully submitted,

By:     /s/ J. Thad Heartfield
      J. Thad Heartfield
      Texas Bar No. 09346800
      E-mail: thad@jth-law.com
      M. Dru Montgomery
      Texas Bar No. 24010800
      E-mail: dru@jth-law.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone:  (409) 866-3318
Fax:  (409) 866-5789

ATTORNEYS FOR DEFENDANT
Roller Derby Skate Corp.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of June, 2010.  Any other counsel of record will be served by first class mail.


   /s/ J. Thad Heartfield
J. Thad Heartfield